| | | |
|---|---|---|
| MIKE SHALES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | NO. 14 C 4139 |
| | ) | |
| PREFERRED CONCRETE & EXCAVATING, | ) | JUDGE YOUNG B. KIM |
| INC., an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF THE SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANT**

Plaintiffs, MIKE SHALES, *et al.*, by their attorneys, move this Court for the entry of an order

reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement

entered into between the parties and made part of the Agreed Order of Dismissal entered by this

Court on October 16, 2015. In support of the Motion, Plaintiffs state as follows:

1.      This action was originally brought by the Plaintiffs, the Trustees of the jointly-

administered, labor-management employee benefit plans collectively known as the Fox Valley

&Vicinity Laborers Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its

obligations under the terms of the collective bargaining agreement entered into with the Construction

and General Laborers' District Council of Chicago and Vicinity and the Agreements and

Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege

that Defendant failed to remit payment of contributions for work performed on its behalf by

beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.      On October 16, 2015, this Court dismissed this cause of action without prejudice with leave to reinstate on or before December 31, 2016 pursuant to the parties' Agreed Order of Dismissal (a copy of the Court's Notification of Docket Entry entered October 16, 2015 is attached as Exhibit "A" and a copy of the Agreed Order of Dismissal is attached as Exhibit "B").

3.      The Agreed Order of Dismissal refers to the Settlement Agreement dated May 7, 2015, as the Agreement to which the parties will comply and the Agreement for which the Court retained jurisdiction to enforce (a copy of the Settlement Agreement dated May 7, 2015 is attached as Exhibit "C").

4.      Pursuant to the Settlement Agreement, Defendant acknowledged that it owed the total amount of $119,456.72 for contributions, liquidated damages, interest, audit fees and attorneys' fees as described in the Settlement Agreement.

5.      Pursuant to the Settlement Agreement, Defendant agreed to make payment to Plaintiffs in the amount of $95,000.00 no later than June 26, 2015.

6.      Pursuant to the Settlement Agreement, Defendant also acknowledged and agreed to remain current with respect to the submission of regular monthly contribution reports and the payment of fringe benefit contributions that accrue during the time period of April 2015 through September 2016.

7.      The Settlement Agreement provides that if Defendant fails to timely make payments to the Plaintiff Funds during the months of April 2015 through September 2016, or otherwise fails to comply with the Settlement Agreement, the Defendant will be considered in breach of the Settlement Agreement.

8.     The Settlement Agreement further provides that in the event of a breach by Defendant, Defendant agreed to allow this Court to enter judgment against it upon the filing of a motion by the Plaintiff Funds to enforce the Settlement Agreement, with its only defense being that of payment.

9.     Specifically, the Defendant agreed to allow the Court to enter judgment against it in the amount of 1) delinquent contributions and liquidated damages due during the period of April 2015 through September 2016; 2) audit interest ($10,588.88); audit liquidated damages ($6,145.03); 4) prior statement of liquidated damages ($245.71); liquidated damages for May 2014 and June 2014 ($2,883.91) and attorneys' fees incurred after February 20, 2015 ($3,615.98).

10.    On January 18, 2016, Plaintiffs' counsel wrote to Defendant's counsel regarding the failure of the Defendant to abide by the terms of the Settlement Agreement (a copy of the January 18, 2016 letter from Plaintiffs' counsel to Defendant's counsel is attached hereto as Exhibit "D").[1]

11.    Defendant failed to submit contribution reports and the amounts due thereon from September 2015 to date in violation of the Settlement Agreement.

12.    For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against the Defendant.  Specifically, Plaintiffs request:

    A.     That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $41,297.96, being the total amount due pursuant to the terms of the Settlement Agreement.

---

[1] The January 18, 2016 letter also addressed additional amounts found due pursuant to an audit of the company's payroll books and records for the period of January 1, 2014 through November 30, 2015 in the total amount of $31,144.80.  There was a typographical error in the letter stating that the amount due was $21,144.80.  This additional amount due is not the subject of this motion, however.

B.    That judgment be entered in favor of Plaintiffs and against Defendant to include $843.00 in attorneys' fees incurred by the Plaintiffs in the preparation and present-ment of the instant Motion to Reopen.

C.    That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Catherine M. Chapman

Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com
I:\FVLJ\Preferred Concrete\2016 Litigation\Motion to Reopen.03-29-16.cmc.j.wpd

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this 29th day of May 2016, she electronically filed the foregoing document (Motion to Reopen) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. Todd A. Miller
Ms. Kathleen M. Cahill
Ms. Megan M. Moore
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606-2806
tam@alloccomiller.com
kmc@alloccomiller.com
mmm@alloccomiller.com


/s/   Catherine M. Chapman


Catherine M. Chapman
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\FVLJ\Preferred Concrete\2016 Litigation\Motion to Reopen.03-29-16.cmc.j.wpd